UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

20230930-DK-BUTTERFLY-1, INC., f/k/a
BED BATH & BEYOND INC.,

              Plaintiff,

      v.

HBC INVESTMENTS LLC and
HUDSON BAY CAPITAL
MANAGEMENT LP,
              Defendants.

No. 24 Civ. 3370 (MKV)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE
*AMICUS CURIAE* BRIEF OF SECURITIES REGULATION
PROFESSORS IN SUPPORT OF DEFENDANTS**

*Amici*, through undersigned counsel, respectfully move for leave to file the *amicus curiae* brief attached as Exhibit A to the accompanying Declaration of Justin M. Ellis.[1] Plaintiff opposes this motion.[2]

"A district court has broad discretion in deciding whether to accept an *amicus* brief." *City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997), *aff'd*, 179 F.3d 29 (2d

---

[1] While no disclosure is required by this Court's rules, out of an abundance of caution, *amici* hereby disclose that: (1) no party or party's counsel authored this brief; (2) no party or party's counsel contributed money to fund preparing or submitting this brief; and (3) Maxim Group LLC and Roth Capital Partners LLC, two market participants who rely on the enforceability of blocker provisions, contributed money to fund the preparation and submission of this brief. *Cf.* Fed. R. App. P. 29(a)(4)(E) (disclosure requirements for *amicus* briefs in the courts of appeals). The views expressed in this brief are solely based upon *amici*'s professional and independent judgment. *Amici* have not received any compensation in connection with the preparation or filing of this brief.

[2] Counsel sought the parties' consent to this motion in an August 28 email to counsel. Defendants' counsel has consented. Plaintiff's counsel opposed the request. Plaintiff cited the fact that *amici's* counsel did not share a copy of the brief in advance, or the disclosures contained in that brief, but did not ask for a copy of that brief or suggest that having a chance to review would change its position. Likewise, while Plaintiff's counsel complained about the timing of *amici's* motion, counsel did not ask for an extension or suggest that it would have consented had it had more time to review. In any event, Plaintiff is incorrect. Plaintiff has ample opportunity to address *amici*'s concise and straightforward arguments in its brief due in one week. *See* Dkt. 21.

Cir. 1999). Courts in this district routinely accept *amicus* briefs that provide "'unique information or perspective that can help the court.'" *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT), 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021); *see also Women for Am. First v. De Blasio*, No. 20-cv5746 (LGS), 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020) ("'The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties.'"). Even where the parties are ably represented by counsel, courts in this district welcome *amicus* briefs that provide a "'complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *C&A Carbone, Inc. v. Cty. of Rockland*, No. 08-cv-6459, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014); *see also FuboTV Inc., et al. v. The Walt Disney Company, et al.*, No. 24-cv-01363 (MMG), 2024 WL 3842116, Dkt. 267 (S.D.N.Y. Aug. 8, 2024) (granting leave to file *amicus* brief though the parties "are represented by able and highly skilled counsel"); *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999) ("The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public.").

The proposed brief amply satisfies those standards. *Amici*, leading scholars with decades of experience in the laws governing securities and insider trading, have a strong interest in the sound development of the applicable law. The proposed brief brings that perspective to bear by offering additional insight into the legal and policy consequences that Plaintiff's position on the enforceability of "blocker" provisions would have on the orderly operation of capital markets. The proposed brief offers arguments not presented by the parties, including as to the policy and history of Section 16(b), as well as important background related to the industry's adoption of blockers, Ellis Decl. Ex. A at pp. 3-6, and the destabilizing consequences that Plaintiff's approach to blockers would have on investment and securities markets, *id.* at 6-11. As *amici* note, this Court's decision on the pending motion to dismiss will have broad implications not only for the parties at

issue in this case but for the efficient functioning of securities markets as a whole (and for distressed issuers in particular). *Id.* at 7-11.

Courts in this circuit regularly accept *amicus* briefs in complex financial cases like this one. *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Morningview Fin. LLC*, No. 22-cv-8142 (VM), Dkt. 32 (S.D.N.Y. July 5, 2023); *U.S. Bank Nat'l Ass'n as Tr. for GSAMP Tr. 2007-HE1 v. Goldman Sachs Mortg. Co., L.P.*, No. 19-cv-2305 (AJN), 2020 WL 6873413, at *9 (S.D.N.Y. Nov. 23, 2020); *In re Lehman Bros. Holdings Inc.*, No. 08-13555, 2015 WL 7194609, at *4 (S.D.N.Y. Sept. 16, 2015); *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014); *In re Enron Corp.*, 379 B.R. 425, 431 (S.D.N.Y. 2007). This Court should do the same. Because *amici*'s arguments will assist the Court's consideration of a complex issue with broad ramifications beyond this case, leave to file the proposed *amicus curiae* brief should be granted. *See C&A Carbone*, 2014 WL 1202699, at *4.

## CONCLUSION

The Court should grant leave to file the *Amicus Curiae* Brief of Securities Regulation Professors attached to this motion as Exhibit A to the Declaration of Justin M. Ellis.

| | |
|---|---|
| Dated: August 30, 2024<br>New York, New York | Respectfully submitted,<br><br>  /s/ Justin M. Ellis  <br>Justin M. Ellis<br>Jennifer E. Fischell<br>Sara Tofighbakhsh (*pro hac vice* forthcoming)<br>MOLOLAMKEN LLP<br>430 Park Avenue<br>New York, NY  10022<br>Telephone: (212) 607-8160<br>Facsimile: (212) 607-8161<br>jellis@mololamken.com<br>jfischell@mololamken.com<br>stofighbakhsh@mololamken.com<br><br>*Attorneys for Amici Curiae Securities Regulation Professors* |

3