UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC., <br><br> Plaintiff, <br><br> – v. – <br><br> HBC INVESTMENTS LLC and HUDSON BAY CAPITAL MANAGEMENT LP, <br><br> Defendants. | ECF CASE <br><br> No. 24-cv-3370 (MKV) (SN) |

**MEMORANDUM OF LAW OF PLAINTIFF
20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC.,
IN OPPOSITION TO THE MOTION OF SECURITIES REGULATION
PROFESSORS FOR LEAVE TO FILE AN AMICUS BRIEF**

Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc. ("BBBY"), respectfully submits this brief in opposition to the motion of the securities regulation professors (collectively, "Putative Amici")[1] to file a brief as amici curiae in support of Hudson Bay's motion to dismiss. The proposed brief is neither timely nor useful to the Court. Its adds little to what the parties' own attorneys could have submitted, and what it does purport to add goes far beyond the proper boundaries of Rule 12(b)(6). Putative Amici's motion should be denied.

**ARGUMENT**

The Court may exercise its discretion to allow an amicus brief that is "'timely and useful.'" *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, Nos. 12 Civ. 7935 (ALC) (HBP) etc., 2014 U.S. Dist. LEXIS 11179, at *6 (S.D.N.Y. Jan. 23, 2014) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). To determine

---

[1] Other capitalized terms in this brief are used as defined in BBBY's response to the motion to dismiss its complaint. *See* Dkt. 37.

what is "useful," this Court has often looked to Judge Posner's criteria in *Ryan v. CFTC*:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the Court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.

125 F.3d 1062, 1063 (7th Cir. 1997) (citation omitted); *see also Havlish v. Bin-Laden*, No. 03 MDL 1570 (GBD) (SN), 2022 U.S. Dist. LEXIS 214734, at *16 (S.D.N.Y. Nov. 29, 2022) (quoting and applying *Ryan*); *Lehman XS Trust*, 2014 U.S. Dist. LEXIS 11179, at *6 (same).

Putative Amici do not deny that Hudson Bay is "represented competently," and they do not assert "an interest in some other case that may be affected" by this one. Putative Amici's sole argument is that their proposed brief offers "'unique information or perspective that can help the court.'" Mem. of Law in Supp. of Mot. [Dkt. 31] ("Mem.") at 2 (quoting *SEC v. Ripple Labs., Inc.*, No. 20 Civ. 10832 (AT), 2021 U.S. Dist. LEXIS 190855, at *14 (S.D.N.Y. Oct. 4, 2021)). That argument lacks merit. The proposed brief provides no information beyond the parties' ken, strays far outside the boundaries set by Rule 12(b)(6), and is untimely.

I.  **PUTATIVE AMICI'S DUPLICATIVE BRIEF WILL NOT ASSIST THE COURT**

While Putative Amici promise "'unique information or perspective that can help the court,'" *id.*, what the law actually calls for is "'unique information or perspective that can help the court ***beyond the help that the lawyers for the parties are able to provide***.'" *Ripple Labs*, 2021 U.S. Dist. LEXIS 190855, at *14 (indirectly quoting *Ryan*, 125 F.3d at 1063) (BBBY's emphasis). This misstatement of the law is significant in light of the shared background and interests of Putative Amici and Hudson Bay's own counsel. Putative Amici and Hudson Bay's attorneys are both securities lawyers expounding on the law in briefs financed by hedge funds. Mem. at 1 n.1. This complete overlap leaves Putative Amici with no "unique information or

perspective" beyond what "the lawyers for the parties are able to provide." *See United States v. El-Gabrowny*, 844 F. Supp. 955, 957 (S.D.N.Y. 1994) (denying leave because "[n]either of these submissions offers any argument or point of view not available from the parties themselves"); *SEC v. Bear, Stearns & Co.*, No. 03 Civ. 2937 (WHP) etc., 2003 U.S. Dist. LEXIS 14611, at *16 (S.D.N.Y. Aug. 25, 2003) (same).

The proposed brief confirms that Putative Amici have nothing "useful" to add to Hudson Bay's own submissions. The two points raised in their brief — "Precedent Enforces 'Blockers' Like Other Contracts" and "Undermining Blockers Would Have Drastic, Unacceptable Consequences" — could just as well have appeared in Hudson Bay's own brief. Indeed, a good bit of the argument did appear in Hudson Bay's brief. *Compare, e.g.*, Decl. of Justin M. Ellis [Dkt. 32] ("Ellis Decl.") ex. A at 4-6 (reading *Levy v. Southbrook International Investments, Ltd.* for a per se rule of blocker enforceability), *with* Dkt. 25 at 12-14 (same). Permitting Putative Amici's submission will only saddle the Court with duplicative briefing.[2]

## II.   PUTATIVE AMICI'S BRIEF FAR EXCEEDS THE BOUNDS OF RULE 12(b)(6)

The motion should also be denied for the independent reason that it freewheels far past the limits set by Rule 12(b)(6). Putative Amici mine the SEC's files for 70-odd examples of blockers supposedly comparable ("[b]lockers such as these") to Hudson Bay's. Ellis Decl. ex. A

---

[2] The one novelty of the proposed brief is novel for a reason: it's dead wrong. Putative Amici argue that this Court "need not defer to the SEC's *amicus* brief in light of *Kisor v. Wilkie*, 588 U.S. 558 (2019)." Ellis Decl. ex. A at 6 n.5. That would surprise the *Kisor* Court, which held that deference was due where, as here, "the agency was not a party to the litigation, and had expressed its views only in response to the Court's request." 588 U.S. at 579 n.6. Prudently, Hudson Bay has not made this argument or even cited *Kisor*, and it is well settled that an amicus brief cannot enlarge the parties' dispute. *See Lehman XS Trust*, 2014 U.S. Dist. LEXIS 11179, at *7 ("'An amicus cannot initiate, create, extend, or enlarge issues.'" (quoting *Waste Mgmt.*, 162 F.R.D. at 36)); *New York v. Raimondo*, 594 F. Supp. 3d 588, 605 (S.D.N.Y. 2022) (Vyskocil, J.) ("[T]he Court need not address this issue because it was not raised by either party in its briefs." (citing *Bano v. Union Carbide Corp.*, 273 F.3d 120, 127 n.5 (2d Cir. 2001))).

at 4; *id.* ex. B.  From this starting point, Putative Amici foretell of "severe social and economic costs" that would result from denying Hudson Bay's motion.  *Id.* at 8-11.  This mix of market analysis and apocalypticism goes well beyond "judicial notice of the contents of relevant public disclosure documents."  *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991), *quoted in* Ellis Decl. ex. A at 9 n.6.  While Putative Amici's work might serve for an expert report — assuming it could survive *Daubert* scrutiny after sworn examination and rebuttal expert evidence — it is wholly out of bounds on a motion that tests merely the "legal sufficiency" of a pleading with "all reasonable inferences" drawn in BBBY's favor.  *E.g.*, *Syeed v. Bloomberg L.P.*, 58 F.4th 64, 67 (2d Cir. 2023).

The perils of relying on this premature market analysis are apparent from even a cursory review of Putative Amici's work.  While the proposed brief promises "at least 78 securities transactions" from "the last two years alone," Ellis Decl. ex. A at 4, counsel's declaration actually serves up 76 transactions from a 31-month period.  *See id.* ex. B.  No explanation is given for the discrepancy.[3]  Putative Amici also offer no clue as to how these "selected transactions" were selected.  Ellis Decl. ¶ 3.  A preliminary check reveals that many of the instruments passed off as blockers do not contain blockers at all.  Of the first five cited, three are no more than common transfer restrictions.  *See id.* ex. B tbl. ll. 1-2, 4 (Bright Health, VNET, and James River).  Rather than cap an investor's beneficial ownership, these transfer restrictions actually make it more difficult for the investor to pare its holdings.

*Levy* says nothing about such instruments, and they are irrelevant to the parties' dispute.  As BBBY has made consistently clear, "this is not a case about whether blockers *can* work in the

---

[3] Putative Amici's counsel corrected one of these errors sub silentio by re-filing a revised copy of his declaration.  *Compare* Dkt. 32-1 at 4 ("at least 78 securities transactions"), *with* Dkt. 33-1 at 4 ("at least 76 securities transactions").  The discrepancy between the sample's advertised ("the last two years alone") and actual date ranges (31 months) remains uncorrected.

abstract" but about "whether Hudson Bay's blockers *did* work based on the specific facts alleged." Dkt. 37 at 2; *see also* Compl. ¶ 152 (acknowledging the enforceability of "binding blockers that effectively deny an investor the right to acquire beneficial ownership"). Putative Amici's sloppy research has no bearing on whether Hudson Bay's blockers worked on the facts alleged in the Complaint, and thus it cannot be "useful" to the Court.

### III.   PUTATIVE AMICI'S MOTION IS UNTIMELY

The Court considers the timeliness of a proposed amicus brief in addition to its utility. *See, e.g.*, *Havlish*, 2022 U.S. Dist. LEXIS 214734, at *16 (requiring a "timely and useful" brief (internal quotation marks omitted)). Because the civil rules do not contemplate amicus briefing, district courts have turned for guidance to the relevant appellate rule. *See, e.g.*, *id.* (citing Fed. R. App. P. 29). Rule 29(a)(6) requires any amicus submission within seven days of the filing of the brief of the party supported, and courts have cited noncompliance with this deadline in denying leave to file. *See In re Calpine Corp.*, No. 08 Civ. 1286 (VM), 2008 WL 2462035, at *1 (S.D.N.Y. June 9, 2008); *accord Abu-Jamal v. Horn*, CIVIL ACTION NO. 99-5089, 2000 U.S. Dist. LEXIS 11013, at *18 (E.D. Pa. Aug. 7, 2000); *cf. United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928-29 (S.D. Tex. Mar. 15, 2007).

Putative Amici's motion was lobbed over the transom on a Friday afternoon before Labor Day weekend, 50 days after Hudson Bay's own brief was filed, and a week before BBBY's response was due. Putative Amici argue that BBBY still had time to respond to their brief, *see* Mem. at 1 n.2, but that argument presumes its conclusion, namely, that the brief would be accepted for filing. Responding to that tardy submission in the four days after Labor Day meant diverting attorney time and briefing away from Hudson Bay's motion to an inchoate filing that the Court might not even accept. No excuse is given for Putative Amici's delay, and this Court has denied leave to file an amicus brief under comparable circumstances. *See In re Calpine*,

2008 WL 2462035, at *1 (denying leave for unexcused delay of over two months); *T.C. v. N.Y. Dep't of Health*, No. 22-cv-5045 (MKV) (S.D.N.Y. filed Nov. 16, 2022) (Vyskocil, J.) (Dkt. 59) (denying request made "well over three weeks" after the scheduling of the hearing to which it pertained). The Court should likewise deny Putative Amici's motion.

## CONCLUSION

Putative Amici's motion for leave to file an amicus brief should be denied.

Dated: September 13, 2024

Respectfully submitted,

/s/ James A. Hunter
James A. Hunter
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania  19087
Phone: +1 (484) 214-4697
Fax:    +1 (646) 462-3356
Email: hunter@hunterkmiec.com

*Counsel for Plaintiff 20230930-DK-Butterfly-1, Inc., f/k/a Bed Bath & Beyond Inc.*